1  Michael K. Brown (SBN 104252)
   Kevin G. Lohman (SBN 222678)
2  Eric J. Buhr (SBN 217528)
   Kevin M. Hara (SBN 221604)
3  REED SMITH LLP
   355 South Grand Avenue
4  Suite 2900
   Los Angeles, CA  90071-1514
5  Telephone: +1 213 457 8000
   Facsimile: +1 213 457 8080
6
7  Richard B. North, Jr. (*Admitted Pro Hac Vice*)
   Brandee Kowalzyk (*Admitted Pro Hac Vice*)
   Nelson Mullins Riley & Scarborough LLP
8  Atlantic Station
   201 17th Street NW, Suite 1700
9  Atlanta, GA  30363
   Telephone:  +1 404 322 6000
10 Facsimile:   +1 404 322 6050

11 Attorneys for Defendants
   C. R. Bard, Inc., a New Jersey Corporation,
12 Bard Peripheral Vascular, Inc., (a
   Subsidiary And/or Division of Defendant,
13 C. R. Bard, Inc.), an Arizona Corporation

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

14
15           **UNITED STATES DISTRICT COURT**
16           **CENTRAL DISTRICT OF CALIFORNIA**
17                **WESTERN DIVISION**

DAVID L. SIZEMORE,

18            Plaintiff,

19        vs.

20 C. R. BARD, INC., a New Jersey
   corporation; BARD PERIPHERAL
21 VASCULAR, INC., (a subsidiary and/or
   division of defendant, C. R. BARD, INC.),
22 an Arizona corporation; and DOES 1-100,
   INCLUSIVE,
23

24            Defendants.

Case No. 2:15-cv-01945-MWF(PJWx)

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

Compl. Filed:   March 16, 2015

Honorable Michael W. Fitzgerald, District Court Judge

Honorable Patrick J. Walsh, Magistrate Judge

25        **Under seal filings governed by Local Rule 79-5.  PJW**
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## STIPULATION FOR ENTRY OF PROTECTIVE ORDER

WHEREAS during disclosure and discovery proceedings in this action, certain documents and information have been or may be requested, sought, produced, or exhibited by, between, and among the parties to this action, which relate to or contain "confidential information" that consists of the parties' trade secrets; confidential research, development, or proprietary commercial information; or confidential and private psychiatric, psychological, medical condition, and/or employment information; which is entitled to protection from disclosure outside this litigation and is subject to a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties to this action, through their respective counsel, have agreed that a protective order preserving the confidentiality of certain documents and information should be entered by the Court.

THEREFORE, THE PARTIES STIPULATE THAT IT SHALL BE HEREBY ORDERED that:

**I. Definitions**

1. **Confidential Information.** "Confidential Information" is defined herein as any information that constitutes, reflects, discloses, or contains: (1) a "trade secret or other confidential research, development, or commercial information" that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G); and (2) information that may be protected from disclosure under a party's constitutional right of privacy such as confidential and private psychiatric, psychological, medical condition and/or employment information.

2. **Trade Secret.** A party, in designating information "Confidential" because it contains a "Trade Secret," shall designate only information that meets the definition of trade secret contained in 18 U.S.C.A. § 1839 (West):

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if--

> (A) the owner thereof has taken reasonable measures to keep such information secret; and

> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public

3.    **This Action.**  "This Action" means *David L. Sizemore v. C. R. Bard, Inc., et al.*, Civil Action No. 2:15-cv-01945, pending in the United States District Court, Central District of California, Western Division.

## II.    Information Within The Scope of The Protective Order

4.    This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during This Action, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to This Action or its representatives (the "Supplying Party") to any other party or parties to This Action or their representatives (the "Receiving Party"), whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

## III.    Designating Information As "Confidential" Pursuant to This Protective Order

5.    **Documents.**  Any Supplying Party producing documents that contain information that meets the definition of Confidential Information as provided in Paragraph 1 and 2 herein, may designate the contents of the documents as "Confidential" prior to or at the time of production by placing the following designation on the documents: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Where a document consists of more than one page, each page of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

document shall be designated as such. Any document or information for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question including a BATES number, where applicable.

6.      If a Supplying Party makes documents or information available for inspection, rather than delivering copies to another party, no "Confidential" designation is required in advance of the initial inspection. For the purpose of initial inspection only, the documents shall be considered "CONFIDENTIAL." Upon production of the inspected documents, the Supplying Party shall designate which of the produced or copied documents and materials are or contain Confidential Information pursuant to Paragraph 5 of this Protective Order.

7.      **Written Discovery.**  If responses to written discovery contain Confidential Information as defined in Paragraph 1 and 2 of this Protective Order, the Responding Party may designate the responses as Confidential Information by designating the responsive documents and information as set forth in Paragraph 5 with specific indication of the page and line references of the material that is "Confidential" under the terms of this Protective Order.

8.      **Depositions.**  The parties may designate as Confidential any deposition transcript, or portions thereof, in this action that meets the definition of "Confidential Information" provided in Paragraphs 1 and 2 of this Protective Order.  Counsel for the designating party shall advise the court reporter and the parties on the record during the deposition or by letter no later than thirty (30) calendar days after the court reporter provides the parties with the final deposition transcript.  If any portion or all of a deposition transcript is designated as Confidential Information, the court reporter shall label the cover page of the original and one copy of  the transcript to state that Confidential Information is contained therein, and shall label as "Confidential" each page of the transcript and/or exhibits to the deposition transcript that constitute "Confidential Information." Confidential designations of transcripts or portions

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

thereof apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript or portion thereof released prior to the expiration of the 30-day period as "DO NOT DISCLOSE - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW."  Deposition transcripts or portions thereof will be treated as Confidential Information until expiration of the 30-day period. If any party does not designate the transcript as "Confidential" either at the time of  the deposition or within the 30-day period defined above,  no portion of the entire transcript will be deemed "Confidential" and the "DO NOT DISCLOSE- SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend shall be removed.  The 30-day period may not be extended without mutual agreement of the parties.

9.     **Confidential Information Produced By Third Parties:**  A party in This Action may designate as Confidential any document, information, or testimony produced or supplied by any person or entity not a party to This Action, that constitutes or meets the definition of Confidential Information as defined in Paragraphs 1 and 2 of this Protective Order. The party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as Confidential Information during this thirty (30) day period while all parties have an opportunity to review the information and to determine whether it should be designated as confidential. Any party designating third party information as Confidential Information shall have the same rights, duties, and obligations, as a Supplying Party under this Protective Order.

10.    **Publicly Available Information:**        The restrictions and obligations set forth herein shall not apply to information that is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party, generally available to the public through publication or otherwise.

**IV.      Limitations on Use of Confidential Information**

11.    All Confidential Information shall be used for the purpose of This Action

only, and except as permitted by this Protective Order, the parties and their respective attorneys, as well as experts or consultants, shall not give, show or otherwise divulge or disclose the Confidential Information, or any copies, prints, negatives or summaries thereof to any person or entity. Notwithstanding the foregoing provisions of this paragraph, nothing in this Protective Order shall prevent the use of any of the non-privileged documents or electronically stored information ("ESI") produced pursuant to this Protective Order in other actions brought by the plaintiffs' counsel, so long as a comparable protective order is entered in those other actions.

12. Confidential Information pursuant to this Protective Order shall be treated by the parties, their counsel, and any other signatory to this Protective Order as being confidential and private.  Any copy of Confidential Information shall have the same status as the original. The disclosure and use of Confidential Information shall be confined to the permissible disclosures and uses set forth in this Protective Order, and no one shall disclose or use Confidential Information in a manner inconsistent with the terms and intent of this Protective Order.

13. Confidential Information may be disclosed only to the following persons and shall be used solely for the litigation of This Action and may not be disclosed to anyone not authorized under this paragraph:

a. Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing This Action;

b. Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel who are working on This Action;

c. Experts and consultants (including their employees) who are consulted or retained by a party to assist in the litigation of This Action;

d. Third-party contractors and their employees who are consulted or

1            retained by one or more parties to provide litigation-support or

2            copy services in connection with the litigation of This Action;

3      e.     Witnesses or prospective witnesses in This Action;

4      f.     Court reporters, videographers, and other persons involved in

5            recording deposition testimony in This Action;

6      g.    The Court and its personnel, including any mediators and/or

7            special masters appointed by the Court, or if on appeal, the court

8            with appellate jurisdiction; and

9      h.    Jurors in This Action.

10      14.    Prior to the disclosure of any Confidential Information to any person

11 identified in Paragraph 13 above (except Court personnel and jurors), the disclosing

12 party will provide each potential recipient of Confidential Information with a copy of

13 this Protective Order, which said recipient shall read. Upon reading this Protective

14 Order, such person shall sign an Agreement to Maintain Confidentiality, annexed to

15 this Protective Order as Exhibit A, acknowledging that he or she has read this

16 Protective Order and shall abide by its terms. Notwithstanding the foregoing

17 provision, Confidential Information may be disclosed to a witness who will not sign

18 an Agreement to Maintain Confidentiality in a deposition at which the party who has

19 designated the Confidential Information is represented or has been given notice that

20 Confidential Information produced by the party may be used.  These Agreements are

21 strictly confidential and shall be maintained by counsel for each party and only with

22 good cause shown and separate court order will the Agreements be disclosed to the

23 opposing side. Persons who come into contact with Confidential Information for

24 clerical or administrative purposes, and who do not retain copies or extracts thereof,

25 are not required to execute Agreements but must comply with the terms of this

26 Protective Order.

27      15.    All persons receiving or given access to Confidential Information in

28 accordance with the terms of this Protective Order consent to the continuing

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

jurisdiction of this Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

16.    Confidential Information shall not be placed or deposited in any sort of data bank that is made available for indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses or any other persons or entities not working on This Action and not signatories to this Protective Order.  This paragraph and the other provisions of this Protective Order shall not apply to materials which, if challenged by any party, the Court rules are not entitled to protection.  This paragraph does not limit or restrict in any way the manner in which a party may store and make Confidential Information available to the attorneys, support staff, experts, and any other persons or entities working  on This Action, provided the general terms of this Protective Order are followed.

17.    The parties and their counsel as well as their technical consultants and experts shall also not sell, offer, advertise, publicize nor provide under any condition any Confidential Information produced by any other party to any competitor of any defendant or to any employee of any competitor (irrespective of whether they are retained as an expert by a party in This Action).

18.    Each Party agrees that in the event either of the parties is served by a non-party with a subpoena for Confidential Information that was originally provided and claimed as Confidential by another party, the Receiving Party will give notice to the Supplying Party, where reasonably possible, no less than 10 business days prior to disclosure by providing a copy of the subpoena, to allow a reasonable opportunity for the Supplying Party to object to such production before any production takes place.

19.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall take reasonable efforts to immediately (a) inform the Supplying Party in writing of such disclosure, including to whom the material was disclosed; (b) make a reasonable effort to retrieve all copies of the Confidential Information only to the extent the Receiving Party has control over the unauthorized disclosed documents;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   (c) to the extent the Receiving party has control over the person or persons to whom

2   unauthorized disclosures were made, inform the persons of the terms of this Protective

3   Order.

4   **V.**      **Changes In and Objections to Designation of Information**

5         20.      **Inadvertent Disclosure of Confidential Information:**  If a Supplying

6   Party through inadvertence produces any documents containing Confidential

7   Information without designating the documents as such in accordance with Paragraph

8   5 of this Protective Order, such inadvertence does not waive any claim for

9   confidentiality that the Supplying Party may possess so long as the Supplying Party

10  notifies the Receiving Party of the Confidential Information designation in writing

11  within twenty (20) days of the date that the Supplying Party became aware or

12  reasonably should have become aware of the failure to designate the information as

13  Confidential Information.  If a Supplying Party fails to designate information as

14  Confidential Information within this twenty (20) day period, the Supplying Party

15  waives its right to designate the documents as Confidential Information. The

16  Supplying Party shall also supply the Receiving Party with a new copy of the

17  documents designated in accordance with Paragraph 5 of this Protective Order, which

18  shall be substituted for the undesignated documents. Upon receipt of the substitute

19  documents, the Supplying Party shall promptly return or destroy the improperly-

20  designated document(s).  Upon receipt of the Supplying Party's notice of the

21  inadvertent disclosure, the Receiving Party shall, within a reasonable time, not to

22  exceed twenty (20) days, (a) treat such material in accordance with this Protective

23  Order; (b) take reasonable steps to notify any person to whom the Receiving Party

24  disclosed such information of the new confidential designation; (c) take reasonable

25  steps to procure the return of all copies of such material from any such persons known

26  to have possession of such material who are not entitled to receipt of Confidential

27  Information under the terms of this Protective Order; (d) request in writing that such

28  person procure the return of such information from any persons to whom such person

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   may have disclosed the information.

2          Notwithstanding the foregoing provisions of this section, the Supplying Party

3   shall be deemed to have waived any claim of confidentiality with respect to

4   information inadvertently not claimed as confidential to which the Supplying Party

5   fails to claim as Confidential Information, prior to sixty (60) days from the close of

6   discovery.

7          21.    **Challenges to Designation of Confidential Information.**  A Receiving

8   Party may challenge a Supplying Party's designation or redesignation by notifying the

9   Supplying Party in writing that the confidentiality designation does not meet the

10   definition of "Confidential Information." The designation by any party of Confidential

11   Information raises no presumption that the information or documents are entitled

12   under the law to protection.   If any party contends, in writing, that any document,

13   material, ESI, or other thing has been erroneously designated as Confidential

14   Information, the party who designated the information as Confidential Information

15   shall initiate a meet and confer within ten (10) days with the opposing party and the

16   parties shall make a good faith effort to resolve issues relating to such designations.

17   After the meet and confer, the party who designated the information as Confidential

18   Information shall file a motion with the Court within thirty (30) days of receiving such

19   written notification establishing that the information is entitled to protection as

20   Confidential Information under the law.  If the designating party fails to timely file

21   such a motion within the allotted thirty (30) day period, the document, ESI, material,

22   or other thing, which is designated as Confidential Information, shall forthwith be

23   produced and be deemed not to be Confidential Information.  Any information or

24   thing being challenged as inappropriately designated as Confidential Information,

25   shall nonetheless be treated as Confidential Information  unless and until either (a) the

26   designating party gives written permission to do otherwise, (b) the designating party

27   fails to file a motion establishing that the challenged material is subject to protection

28   as Confidential Information under the law within the thirty (30) day time period, or (c)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  the Court rules that the document, material, ESI, or other thing shall not be treated as

2  confidential.  Should the Court rule that any item designated as Confidential

3  Information is not entitled to protection under the law, the designating party shall,

4  within fourteen (14) days after all appeals are exhausted, provide the party challenging

5  the confidential designation with copies of each item free of any language indicating

6  that the item is subject to a Protective Order.

7       22.     Nothing in this Protective Order shall be deemed to shift the burden of

8  proof to the party challenging the confidential designation with regard to whether the

9  materials produced pursuant to this Protective Order are entitled to protection under

10  the law as Confidential Information.

11  **VI.**    **Filing Under Seal**

12       **23.**     **Where a Party Files Documents and a Party Contends the**

13  **Documents Should be Kept Sealed.**  If the Receiving Party seeks to file Confidential

14  Information with the Court for any reason, that party shall provide the Supplying

15  Party ten (10) days notice of the intent to file Confidential Information, so as to

16  provide the Supplying Party an opportunity to seek an order from the Court that the

17  Confidential Information be filed under seal. In the event that the Supplying Party

18  files such a motion within ten (10) days of receiving such notice, the Receiving Party

19  shall refrain from filing the Confidential Information until the Court rules on the

20  motion, although nothing shall prevent either party from submitting the Confidential

21  Information to the Court for an in camera inspection.  Upon a showing of good cause,

22  the Court may enter an order permitting the Confidential Information to be filed under

23  seal. Where possible, the parties will request that only the confidential portions of

24  filings with the Court be filed under seal.  The parties agree that they will stipulate to a

25  10-day extension of time, subject to the Court's approval, for the filing of any brief in

26  opposition to a motion, when the party filing that brief reasonably anticipates that

27  Confidential Information will be utilized in the brief.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    This section shall not apply with respect to documents admitted into evidence

2    as exhibits at the trial of this matter.  The Supplying Party reserves the right, however,

3    to petition the Court for protection with respect to such documents admitted into

4    evidence as exhibits at trial.

5    **VII.    Miscellaneous Provisions**

6    24.    **Amending or Modifying Protective Order.**  By written agreement of

7    the parties, or upon motion and order of the Court, the terms of this Protective Order

8    may be amended or modified. This Protective Order shall continue in force until

9    amended or modified by consent or agreement of the parties or by order of the Court,

10   and shall survive any final judgment or settlement in This Action, including but not

11   limited to any final adjudication of any appeals and petitions for extraordinary writs,

12   unless otherwise vacated or modified by the Court. The Court shall have continuing

13   jurisdiction over the terms and provisions of this Protective Order.

14   25.    **After Final Adjudication.**  Upon written demand by the Supplying Party

15   made within thirty (30) days after final adjudication of This Action, including but not

16   limited to, any final adjudication of any appeals and petitions for extraordinary writs,

17   the Receiving Party shall assemble and return all Confidential Information to the

18   Supplying Party or, alternatively, shall destroy all such material at the Supplying

19   Party's expense.  The Receiving Party shall verify the complete destruction or return

20   to the Supplying Party all such Confidential Information by executing and mailing to

21   counsel for the Supplying Party an Acknowledgment in the form attached hereto as

22   Exhibit B.  A copy of each such executed Acknowledgement shall be maintained by

23   counsel for the Receiving Party and counsel for the Supplying Party.  Notwithstanding

24   the foregoing provisions of this paragraph, the Receiving Party may maintain its

25   privileged communications, work product, Acknowledgements pursuant to the

26   Protective Order, materials required to be retained pursuant to applicable law, and all

27   court-filed documents even though they contain Confidential Information, but such

28   materials shall remain subject to the terms of this Protective Order.  Notwithstanding

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the foregoing provisions of this paragraph, this provision may not be invoked while the Law Offices of Ben C. Martin, LLP have active pending cases relating to IVC Filters manufactured by C. R. Bard, Inc. and/or Bard Peripheral Vascular, Inc.

26.     The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial. The use of Confidential Information during trial will be addressed in a later agreement between the parties, or, if they cannot reach an agreement, by further order of the Court.

27.     Nothing in this Protective Order shall be deemed a waiver of any parties' right to oppose any motion by any other party for a protective order or to oppose any objection to the disclosure of any information or documents on any legal grounds, including, but not limited to, the grounds that the party seeking the protective order has neither timely nor adequately objected to disclosure of such documents and information or moved for a protective order.

28.     This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in This Action. Nothing contained in this Protective Order, or any action taken pursuant to it, shall waive or impair any party's right to assert claims of privilege or work product protection, or the right of any party to object to the relevancy or admissibility of documents or information sought or produced into assert objections to requested discovery on grounds other than Confidential Information. This Protective Order also shall not effect or create any presumption with respect to the right of any party from seeking or obtaining additional protection with respect to any documents, materials, or information where allowed by law.

29.     **Inadvertent Production.**  Pursuant to Rule 502 of the Federal Rules of Evidence, inadvertent production of documents or ESI (hereinafter collectively "Inadvertently-Produced Documents") subject to work product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege in the pending

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   case or in any other federal or state proceeding.  In the event that a party inadvertently

2   produces documents or ESI subject to a claim of privilege, the Supplying Party shall,

3   within 15 days of the discovery of the inadvertent disclosure, notify the other party in

4   writing of the inadvertent disclosure.  The Supplying Party may, in the notice, request

5   a "clawback" of the inadvertently disclosed material. Upon receiving notice of the

6   inadvertent production, the parties agree to follow the procedures provided by Federal

7   Rule of Civil Procedure 26(b)(5)(B) with respect to the clawback of the Inadvertently-

8   Produced Documents. All notes or other work product of the Receiving Party,

9   reflecting the contents of such materials, shall be destroyed and not used.

10          If the party receiving such Inadvertently-Produced Documents moves the Court

11  to dispute the claim of privilege or immunity, the party shall not assert the fact or

12  circumstances of the inadvertent production to challenge whether the material is, in

13  fact, privileged.  Likewise, as part of any such motion, the Receiving Party shall not

14  challenge the "reasonable steps," as described in Rule 502(b) of the Federal Rules of

15  Evidence, taken or not taken by the Supplying Party.

16          Pursuant to Federal Rule of Evidence 502(d), there is no waiver of privilege or

17  work product immunity in this matter or any other matter in any other jurisdiction for

18  any document or ESI returned or destroyed under this subsection, or for the subject

19  matter of any such document or ESI, whether the privileged document or ESI was

20  inadvertently produced following review or as part of a "Quick Peek" production.  In

21  the event that either party receives information produced in discovery from the other

22  party that reasonably appears to be Inadvertently-Produced Documents, the Receiving

23  Party shall promptly notify the Supplying Party in writing of the apparently

24  inadvertent production.

25          Notwithstanding the foregoing provisions of this section, the Supplying Party

26  shall be deemed to have waived any claim of privilege or work product immunity with

27  respect to any document or ESI produced to which the Supplying Party fails to assert

28  privilege or work product immunity, prior to thirty days before the close of discovery.

30.    Each party shall retain all rights and remedies available to it under the law for the enforcement of this Protective Order against anyone who violates it.

31.    Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts the Court relies upon in making any findings, or issuing any ruling, order, judgment, or decree.

Within 30 days of any information that has been claimed as Confidential Information being de-designated or made publically available, the Supplying Party shall provide notice of the Confidential Information that has been de-designated and/or made publicly available.  Such notice shall be made by identifying bates numbers or by other means such as identifying categories of information where the identification of bates numbers are not possible or not feasible.  Publically available includes documents that have been filed with any court or entered as an exhibit during trial not under seal, provided, however, that the Supplying Party is not required to provide notice of de-designation with regard to such documents until any motion or request to seal those documents is denied.  This paragraph only applies to the extent that the Supplying Party knew or should have known that the information claimed as Confidential Information was de-designated or made publically available.

**ORDER**

IT IS SO ORDERED.

DATED:  July 10, 2015

_____
UNITED STATES MAGISTRATE JUDGE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  CONSENTED TO BY:

2

3  DATED:  July 9, 2015                    LAW OFFICES OF BEN C. MARTIN, LLP

4                                          By:_____/s/ Tom Arbon_____

5                                              Ben C. Martin
                                               Tom Arbon
6                                              Attorneys for Plaintiff

7

8  DATED:  July 9, 2015                    REED SMITH LLP

9

10                                         By:_____/s/ Kevin G. Lohman_____
                                               Michael K. Brown
11                                             Kevin G. Lohman
                                               Eric J. Buhr
12
                                               Nelson Mullins Riley & Scarborough LLP
13                                             Richard B. North, Jr.
                                               Brandee J. Kowalzyk
14
                                               Attorneys for Defendants
15                                             C. R. Bard, Inc. and Bard Peripheral
                                               Vascular, Inc.
16
          I, Kevin G. Lohman, attest that all signatories listed, and on whose behalf the
17
   filing is submitted, concur in the filing's content and have authorized the filing.
18

19
                                           By_____/s/ Kevin G. Lohman_____
20                                             Kevin G. Lohman

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **WESTERN DIVISION**

11  DAVID L. SIZEMORE,                    Case No. 2:15-cv-01945-MWF-PJWx

12                 Plaintiff,              **AGREEMENT TO MAINTAIN**
                                          **CONFIDENTIALITY**
13       vs.

14  C. R. BARD, INC., a New Jersey
    corporation; BARD PERIPHERAL
15  VASCULAR, INC., (a subsidiary and/or
    division of defendant, C. R. BARD, INC.),
16  an Arizona corporation; and DOES 1-100,
    INCLUSIVE,
17
                   Defendants.
18

19

20       I, _____ [Name – Print or Type], have been

21  given and have read a copy of the Stipulation and Protective Order, dated _____,

22  2014 in the case of *David L. Sizemore v. C. R. Bard, Inc., et al.*, Civil Action No.

23  2:15-cv-01945, pending in the United States District Court, Central District of

24  California, Western Division.  I understand and will strictly adhere to the contents of

25  said order.  I understand that produced material disclosed to me is subject to the order

26  of this Court and that I am prohibited from copying, disclosing or otherwise using

27  such material except as provided by said court order.  I understand that my

28  unauthorized disclosure of any "Confidential Information" may constitute contempt of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

court, and I agree to be personally subject to the jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the order, and any contempt proceeding that may be instituted for my violation of the terms of this Acknowledgment and the Protective Order.  I also understand that my signature on this "Agreement to Maintain Confidentiality," indicating my agreement to be bound by the terms of the Protective  Order,  is required before I may be allowed to receive and  review any produced document and materials that are designated as "Confidential Information."

Date _____

_____
Print Name

_____
Signature

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10              **WESTERN DIVISION**
11  DAVID L. SIZEMORE,                    Case No. 2:15-cv-01945-MWF-PJWx
12              Plaintiff,                **ACKNOWLEDGMENT OF**
                                          **DESTRUCTION OR RETURN OF**
13         vs.                            **CONFIDENTIAL INFORMATION**
14  C. R. BARD, INC., a New Jersey
    corporation; BARD PERIPHERAL
15  VASCULAR, INC., (a subsidiary and/or
    division of defendant, C. R. BARD, INC.),
16  an Arizona corporation; and DOES 1-100,
    INCLUSIVE,
17
                Defendants.
18
19
20
21         I, _____ [Name – Print or Type], am over the age of 18 years and
22  am a resident of _____ County, _____.  I make this
23  Declaration based upon my personal knowledge, and I am competent to testify to the
24  matters stated herein.
25         I have requested and received from _____ all of the
26  Confidential Information contained in the materials, transcripts, and other things
27  produced in this case David L. Sizemore v. C. R. Bard, Inc., et al., Civil Action No.
28

2:15-cv-01945, pending in the United States District Court, Central District of California, Western Division.

I have either destroyed or have attached hereto all of the Confidential Information contained in the materials, transcripts, and other things, including those materials which were returned to me by the experts and consultants mentioned above in accordance with the preceding paragraph, and as described in the Protective Order which was entered by this Court. Notwithstanding the foregoing provisions of this paragraph, the Receiving Party may maintain its privileged communications, work product, Acknowledgements pursuant to the Protective Order, materials required to be retained pursuant to applicable law, and all court-filed documents even though they contain Confidential Information, but such materials shall remain subject to the terms of this Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date _____

_____
Print Name

_____
Signature

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 2:15-cv-01945-MWF-PJWx          – 2 –
ACKNOWLEDGMENT OF DESTRUCTION OR RETURN OF CONFIDENTIAL INFORMATION